BLD-026                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2697
_____

UNITED STATES OF AMERICA,

v.

STEVEN LOCKS, JR.,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cr-00538-002)
District Judge:  Honorable Michael M. Baylson
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 6, 2025
Before:  KRAUSE, MATEY, and BOVE, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 11, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Steven Locks, Jr., appeals the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c). The Government has timely moved for summary affirmance of the District Court's order. After a review of the record, we conclude the appeal presents no substantial question. We therefore grant the Government's motion and will summarily affirm the District Court's judgment.

In 2016, Locks pled guilty to multiple charges of employing a child to engage in sexually explicit conduct to create child pornography, plus related crimes. Locks was sentenced to 300 months' imprisonment and a lifetime of supervised release. In 2025, Locks filed a motion for compassionate release, which the District Court denied. Locks timely filed an appeal.[1]

A district court may modify a federal inmate's term of imprisonment if it finds that extraordinary and compelling reasons warrant a modification. See § 3582(c)(1). Even if an inmate is eligible for a sentence modification under § 3582(c)(1), a district court may deny that motion if modification would be inconsistent with the factors set forth in § 3553(a). See Pawlowski, 967 F.3d at 330-31.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying the motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm the District Court's order if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In his motion, Locks argued that (1) he was not a risk to the community; (2) he had worked to rehabilitate himself; (3) his lifetime sentence of supervised release still provided sufficient deterrence to criminal conduct; (4) he is a much needed support for his fiancé and future family; (5) his sentence could be "substantially lower if he were to be sentenced today"; (6) his early release would correct disparities between his sentence and that of others with similar records found guilty of similar conduct; and (7) he had "needs of advanced health care not provided in the Bureau of Prisons." The Government opposed his motion, arguing that rehabilitation by itself was not sufficient, and that Locks had not provided any extraordinary and compelling reason for compassionate release. In denying Locks' motion, the District Court concluded that he did not satisfy the requirements for compassionate release. The District Court rejected Locks' arguments for why he should be released because of the "factual background of the case and [Locks'] conduct," because Locks did not show he was "suffering from any abnormal conditions," and for the reasons proffered by the Government.

Locks argues that the District Court improperly applied the pre-2023 sentencing guidelines to his motion and that he meets the standard for compassionate release based on his medical conditions and his having received an unusually long sentence. However, the District Court applied the correct standard, and we discern no error in the District Court's rejection of Locks' arguments. Locks has not explained why any current medical conditions qualify under the "medical circumstances" standards set forth in U.S.S.G. § 1B1.13(1)(B)(i) or § 1B1.13(1)(C). Indeed, Locks failed to identify in his motion what

3

medical conditions he believed satisfied the standard, choosing instead to attach prison medical documents listing various conditions. He also has not identified any change in law that would warrant a reduction in his sentence under U.S.S.G. § 1B1.13(b)(6) for an "unusually long sentence."[2]

As Locks' appeal presents no substantial question, we will summarily affirm the District Court's judgment.

---

[2] As we agree that Locks has not shown an extraordinary or compelling reasons for his release, there is no need to consider the § 3553(a) factors.